UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lawrence L. Crawford, # 300839, *aka* Jonah Gabriel Jahjah T. Tishbite,<br><br>Petitioner,<br><br>vs.<br><br>State of South Carolina; and McKither Bodison, Warden of Lieber Correctional Institution,<br><br>Respondents. | C/A No. 0:08-0822-TLW-BM<br><br><br>**Report and Recommendation** |

### *Background of this Case*

This is a habeas corpus action filed by a state prisoner *pro se* pursuant to 28 U.S.C. § 2254. The petitioner is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections (SCDC), and has submitted this Section 2254 petition to challenge a conviction for murder entered in the Court of General Sessions for Kershaw County in 2004.

The petition in the above-captioned case is one of the many "'Lieber' habeas petitions" submitted to this district court in the past several months. These "'Lieber' habeas petitions" are characterized by a failure to provide answers to relevant questions on the Section 2254 form and the use of "ditto" marks or the acronym "N/A" in answer to most questions.

In an order filed in this case on March 14, 2008, the undersigned directed the petitioner to submit an amended petition. The pertinent portion of the order of March 14, 2008, is quoted herein:

1



> The above-captioned case is not in "proper form." The petitioner submitted a court-approved form for a § 2254 case. Rather than answer the questions asked on the form about grounds to be raised in with regard to his conviction, the petitioner (or his "jailhouse lawyer") wrote only "N/A" or "see memorandum" in the various blanks where his answers should have been written. The original petition does not contain the information for this court to conduct the required pre-filing review in this case. Moreover, no memorandum was attached to the petition, although a memorandum is referenced in the petition.
>
> **If the petitioner wishes to pursue this case, he must submit a fully completed amended petition form to the court so that the required pre-filing review can be conducted in this case**. If the petitioner does not submit another, more specific amended petition within the time period set forth in this order, a Report and Recommendation for summary dismissal shall be entered because the original petition filed in this case is entirely too conclusory and lacking in detail to go forward pursuant to 28 U.S.C. § 2254.
>
> **If this case is not brought into "proper form" within the time period specified in this order, this case may be dismissed.** Under the General Order (Misc. No. 3:07-5014-JFA) signed on September 18, 2007, the undersigned is giving the petitioner *twenty (20) days* from the date this order is entered (plus three days for mail time pursuant to FRCP 6(e)) to:
>
>> 1) Submit an amended petition on the Section 2254 form (Form AO 241).
>
> **The petitioner is reminded that all future documents filed by the petitioner in this case should be sent to the Office of the Clerk of Court in Columbia (901 Richland Street, Columbia, South Carolina 29201).** The petitioner must place the civil action number (C/A No.) listed above on any document he submits to this court pursuant to this order. In the meantime, no process shall issue until the aforementioned items have been reviewed by the undersigned.

(Order of March 14, 2008, at pages 1-2 [footnote omitted from quotation]).

On March 21, 2008, the petitioner submitted a "Reply" (Entry No. 10) to the order

and an amended petition (Entry No. 11). In his reply, the petitioner objects to the order of March 14,

2



2008, while the amended petition (Entry No. 11) suffers from the same defects that characterized the original petition.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se amended* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915; the Anti-Terrorism and Effective Death Penalty Act of 1996; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). As the petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (U.S., June 4, 2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the amended petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear

---

[1]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The petitioner's Reply (Entry No. 10) and amended petition (Entry No. 11) reveal that the petitioner does not intend to comply with the "proper form" order of March 14, 2008. Moreover, pleadings filed by other prisoners filing "'Lieber' habeas petitions" disclose that the petitioner is the "jailhouse lawyer" for the other "'Lieber' habeas petitions." *See* Entry No. 15 and Entry No. 16 in *Muhammad Al Mujahidin, # 103968, aka or fka John Hamilton v. Warden of Lieber Correctional Institution*, Civil Action No. 0:08-0178-DCN-BM. This court may take judicial notice of Civil Action No. 0:08-0178-DCN-BM. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

The respondents are entitled to be served with a petition which provides pertinent information about the state court proceedings and the specific grounds raised. Since the petitioner is unwilling to submit a petition with all questions answered and specific grounds raised, this case as submitted is too conclusory and lacking in detail to go forward under 28 U.S.C. § 2254. Moreover, the lack of specific grounds raised in the original petition or amended petition would not apprise the respondents of the specific claims raised by the petitioner.



*Recommendation*

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice and without requiring the respondents to file a return. See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970).

The petitioner's attention is directed to the important notice on the next page.

March 27, 2008                                    Bristow Marchant
Columbia, South Carolina                    United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

